IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY B. HARRELL,<br>            Plaintiff, | ) | C.A. No. 24-63 Erie |
| | ) | |
| | ) | |
| | ) | |
| v. | ) | District Judge Susan Paradise Baxter |
| | ) | Magistrate Judge Kezia O.L. Taylor |
| LAUREL HARRY, et al., | ) | |
|            Defendants. | ) | |

## MEMORANDUM ORDER

On April 24, 2026, this Court issued a Memorandum Order [ECF No. 71] adopting the Report and Recommendation ("R&R") of United States Magistrate Judge Kezia O.L. Taylor [ECF No. 65] and granting the motions to dismiss filed by the DOC Defendants [ECF No. 42] and Defendant Snyder [ECF No. 40], as follows: (1) All federal claims against the DOC Defendants were dismissed with prejudice, and all supplemental state law claims against said Defendants were dismissed without prejudice; and (2) Plaintiff's Eighth Amendment deliberate indifference claim and state law negligence claims against Defendant Snyder were dismissed, without prejudice to Plaintiff's right to file an amended complaint within thirty (30) days to amend the Eighth Amendment claim and reassert the negligence claim against Defendant Snyder. The Court's Memorandum Order was issued after the April 20, 2026 deadline for filing objections to the R&R had passed without receipt of any objections by the Court.

Now pending before the Court is Plaintiff's motion to alter or amend judgment, which is hereby construed as a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [ECF No. 73], based upon Plaintiff's assertion that he mailed timely objections to the R&R on April 19, 2026, which were not considered by the Court because they were not

received by the Clerk until April 28, 2026 [ECF No. 72]. Attached to Plaintiff's motion is a copy of an inmate cash slip verifying that Plaintiff's objections were indeed submitted for mailing on April 19, 2026. [ECF No. 73-1]. Thus, Plaintiff's motion for reconsideration will be granted insofar as the R&R will now be reconsidered in light of Plaintiff's objections, many of which may be dismissed in summary fashion.[1]

The crux of Plaintiff's objections challenge the Magistrate Judge's recommendation to dismiss his retaliation claims. Specifically, Plaintiff objects to Judge Taylor's finding that Defendants Harry, Varner, Reeher, Biel, Irwin, Bogardus, Walker, Spencer, and Fiedor lacked personal involvement in the alleged retaliatory conduct. (ECF No. 72, at ¶¶ 25-26). In particular, Judge Taylor found that "Plaintiff has failed to plead that Defendants Harry, Varner, Irwin, Bogardus, Walker, Lesko, Spencer, or Fiedor participated in or directed others to commit the claimed violations of Plaintiff's constitutional rights."[2] However, this is precisely what Plaintiff pleaded in his amended complaint, where Plaintiff alleges that said Defendants, "either directed the correctional Defendants; to destroy; conceal; loose [sic]; confiscate; vandalize; misplace, this Plaintiff's property and access to property rights; in-retaliation of constitutionally protected conduct & activity[,]"… and "further acquiesced in the above acts or acquiesced in their

---

[1] For instance, Plaintiff objects to the Magistrate Judge's failure to issue an order for discovery or to allow expansion of the record with supporting affidavits to substantiate Plaintiff's grievance history (ECF No. 72, at ¶¶ 9-11. 25, 28); however, discovery and submission of affidavits are not appropriate in connection with motions to dismiss. In addition, Plaintiff's objections to Judge Taylor's statement that Defendants' motions were "ripe for review" (Id. at ¶ 13), the legal standards used in the R&R (Id. at ¶¶ 16, 19), and Judge Taylor's purported use of "boilerplate language" (Id. at ¶¶ 17-18), are unfounded. Similarly, Plaintiff's generalized objections to Judge Taylor's summary of his allegations against Defendant Snyder (Id. at ¶¶ 11-12) are meritless, as the R&R contains direct quotes from Plaintiff's amended complaint (ECF No. 65, at pp. 3-4).

[2] With regard to Defendants Biel and Reeher, Judge Taylor appropriately found that their involvement "only related to the grievance process" and, thus, was insufficient to establish liability under Section 1983. This finding will remain undisturbed.

subordinates' incorrigible behavior and civil rights violations." (ECF No. 25, at ¶ 28). Such allegations are minimally sufficient to establish the contours of personal involvement under Third Circuit jurisprudence. See Barkes v. First Correctional Med., 766 F.3d 307, 316 (3d Cir. 2014), rev'd on other grounds, 575 U.S. 822 (2015), citing Baker v. Monroe Twp., 50 F.3d 1186, 1190 (3d Cir. 1995) ("a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced" in the subordinate's unconstitutional conduct). Nonetheless, it is quite clear that such allegations lack the specificity required to state a cognizable claim against these supervisory Defendants. See Rode v. Dellarciprete, 845 F.2d 1195, 1208 (3d Cir. 1988) ("Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity").

Thus, the Court agrees with the Magistrate Judge's conclusion that Plaintiff's claims against Defendants Harry, Varner, Irwin, Bogardus, Walker, Lesko, Spencer, and Fiedor should be dismissed; however, such dismissal will be without prejudice to Plaintiff's right to amend his claims against such Defendants to specify how each of them was personally involved in the violation of Plaintiff's constitutional rights, with appropriate particularity. The Court reaffirms its adoption of Judge Taylor's R&R in all other respects.

AND NOW, this 1st day of June, 2026,

IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [ECF No. 73], is GRANTED, and this Court's Memorandum Order dated April 20, 2026 [ECF No. 71] is VACATED.

IT IS FURTHER ORDERED that, upon consideration of Plaintiff's objections [ECF

No. 72] to the R&R of Magistrate Judge Taylor dated January 30, 2026 [ECF No. 65], the DOC

Defendants' motion to dismiss [ECF No. 42] is GRANTED as follows:

1.  All of Plaintiff's claims against DOC Defendants Reeher and Biel are DISMISSED with prejudice,

2.  Plaintiff's federal claims against DOC Defendants Harry, Varner, Irwin, Bogardus, Walker, Lesko, Spencer, and Fiedor are DISMISSED, without prejudice to Plaintiff's right to file an amended complaint within thirty (30) days of the date of this Order, specifying with particularity how each of said Defendants was personally involved in violating Plaintiff's constitutional rights. Because Plaintiff has the ability to amend his federal claims against said Defendants, the Court reinstates Plaintiff's state law claims against said Defendants pending receipt of a timely and appropriately filed amended complaint. In the event Plaintiff fails to file an amended complaint in compliance with this Order, all claims against Defendants Harry, Varner, Irwin, Bogardus, Walker, Lesko, Spencer, and Fiedor will be dismissed with prejudice without further notice.

IT IS FURTHER ORDERED that Defendant Snyder's motion to dismiss [ECF No. 40] is

GRANTED, as follows:

1.  Plaintiff's Eighth Amendment deliberate indifference claim and state law negligence claim against Defendant Snyder are DISMISSED, without prejudice to Plaintiff's right to include within the foregoing amended complaint to be filed within thirty (30) days of the date of this Order an amended Eighth Amendment claim and a reasserted negligence claim against Defendant Snyder. In the event Plaintiff fails to file an appropriate amended complaint within such time, the dismissal of Plaintiff's Eighth Amendment and negligence claims against Defendant Snyder will be converted to a dismissal with prejudice without further notice.

2.  All claims other than Plaintiff's Eighth Amendment and negligence claims against Defendant Snyder are DISMISSED with prejudice and without leave to amend.

IT IS FURTHER ORDERED that, by virtue of the foregoing, Defendant Snyder's motion

to dismiss "for failure to opt out" [ECF No. 60] is DENIED as moot.

The report and recommendation of Magistrate Judge Taylor, issued January 30, 2026 [ECF No. 65], is adopted, as modified, as the opinion of the court.

As a result of the foregoing, the Clerk is directed to terminate Defendants Biel and Reeher from this case, and to reinstate Defendants Harry, Varner, Irwin, Bogardus, Walker, Lesko, Spencer, and Fiedor.

SUSAN PARADISE BAXTER
United States District Judge

cc:     The Honorable Kezia O.L. Taylor
        United States Magistrate Judge

        All parties of record