**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY B. HARRELL,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **C.A. No. 24-63 Erie** |
| **v.** | ) | |
| | ) | **District Judge Susan Paradise Baxter** |
| **LAUREL HARRY, et al.,** | ) | **Magistrate Judge Kezia O.L. Taylor** |
| **Defendants.** | ) | |

**MEMORANDUM ORDER**

Plaintiff Anthony B. Harrell, an inmate incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania, commenced this *pro se* civil rights action on February 26, 2024, by lodging a complaint in the United States District Court for the Eastern District of Pennsylvania. The case was subsequently transferred to this Court at Plaintiff's request on February 29, 2024, and the matter was referred to United States Magistrate Judge Richard A. Lanzillo for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates.

Plaintiff filed a motion to proceed *in forma pauperis* ("ifp motion") on May 20, 2024 [ECF No. 8]. On October 25, 2024, this case was reassigned from Magistrate Judge Lanzillo to United States Magistrate Judge Kezia O.L. Taylor, as referral judge. On the same date, Judge Taylor issued an Order granting Plaintiff's ifp motion [ECF No. 12], and Plaintiff's complaint was docketed at such time [ECF No. 13]. Plaintiff subsequently filed an amended complaint on April 15, 2025, which is the operative pleading in this case. [ECF No. 25].

Named as Defendants in the amended complaint are Laurel Harry ("Harry"), Secretary of the Department of Corrections ("DOC"); Dorina Varner, Secretary of Inmate Grievances and

Appeals ("Varner"); SCI-Forest Superintendent Randy Irwin ("Irwin"); SCI-Forest Grievance Coordinators Lisa Reeher ("Reeher") and T. Biel ("Biel"); SCI-Forest Corrections Officers Lt. Walker ("Walker"), Lt. Bogardus ("Bogardus"), Sgt. Kemp ("Kemp"), Sgt, Lesko ("Lesko"), Sgt. Spencer ("Spencer"), Lt. Fiedor ("Fiedor"), CO1 Peterson ("Peterson"), and two unnamed John Doe corrections officers, as well as a contract medical professional, CRNP Snyder ("Snyder"). For convenience, all Defendants other than Defendant Snyder are hereafter referred to collectively as "DOC Defendants."

In his amended complaint, Plaintiff asserted a number of purported federal claims pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988, as well as several state law claims, against the DOC Defendants, and also appeared to assert a First Amendment retaliation claim, an Eighth Amendment deliberate indifference claim, a Fourteenth Amendment due process claim, and a state law negligence claim against Defendant Snyder.

On June 26, 2025 and June 30, 2025, respectively, Defendant Snyder and the DOC Defendants filed motions to dismiss Plaintiff's amended complaint for failure to state a claim upon which relief my be granted [ECF No. 40, 42]. On January 30, 2026, Magistrate Judge Taylor issued a Report and Recommendation ("R&R) [ECF No. 65], recommending, *inter alia*, that the DOC Defendants' motion to dismiss be granted, such that all federal claims against them should be dismissed with prejudice and the Court should decline to exercise supplemental jurisdiction over the negligence claims asserted against them and that such claims should be dismissed without prejudice.

Plaintiff filed objections to the R&R on April 28, 2026 [ECF No. 72]. In consideration of Plaintiff's objections, this Court issued a Memorandum Order on June 1, 2026, modifying, in

part, Judge Taylor's R&R by, among other things, dismissing Plaintiff's federal claims against the DOC Defendants, without prejudice to Plaintiff's right to file an amended complaint within thirty (30) days. [ECF No. 74]. This Court subsequently granted Plaintiff an extension of time until September 1, 2026, to file an amended complaint [ECF No. 76]. In the interim, however, Plaintiff filed a motion to stay the case due to his placement in the RHU [ECF No. 77], which was granted by the Court on July 27, 2026 [ECF No. 82]. As a result, this case was administratively stayed for a period of sixty (60) days.

During the stay period, Plaintiff filed a motion for appointment of counsel and for temporary restraining order [ECF No. 83]. The motion for appointment of counsel was denied, without prejudice, by order dated August 6, 2026 [ECF No. 84], leaving the motion for temporary restraining order ("TRO motion") pending. In his TRO motion, Plaintiff states that, after he was released from the RHU, he was directed by Sgt. Schrader – a non-party – to report to security in order to have his personal and legal property assessed. (ECF No. 83, at ¶ 3.2). When Plaintiff failed to comply with this order he was placed back in the RHU. (Id. at ¶ 4; ECF No. 83-1). Plaintiff claims that being instructed to have his property assessed was a way of Sgt. Schrader targeting him because he has pending litigation against her husband – DOC Defendant Bogardus. (Id. at ¶ 5). As relief, Plaintiff requests that this Court direct "prison officials at SCI-Forest, in Pennsylvania; effectively immediately, provide upon pro se Plaintiff with all relevant legal papers and documents; pertaining too [sic] the above entitled civil rights action." (Id. at 3).

On October 5, 2026, Magistrate Judge Taylor issued a Report and Recommendation ("R&R") recommending that Plaintiff's TRO motion be denied because Plaintiff cannot establish a likelihood of success on the merits. [ECF No. 89]. In particular, Judge Taylor found that

injunctive relief is not available because the alleged “bad actor” – Sgt Schrader – is not a party to this lawsuit (Id. at p. 5-6). Moreover, Judge Taylor noted that, because Plaintiff’s claims against the DOC Defendants have been dismissed without prejudice, a TRO is not warranted at this time (Id. at p. 6 n. 3).

Plaintiff has filed timely objections to the R&R [ECF No. 94]; however, none of the “errors” cited by Plaintiff establishes sufficient grounds to overturn the well-reasoned conclusions of the Magistrate Judge.

Thus, after *de novo* review of the relevant documents in this case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 18th day of November, 2026;

IT IS HEREBY ORDERED that Plaintiff’s motion for temporary restraining order [ECF No. 83] is DENIED. The report and recommendation of Magistrate Judge Taylor, issued October 5, 2026 [ECF No. 89], is adopted as the opinion of the court.

Susan Paradise Baxter

SUSAN PARADISE BAXTER
United States District Judge

cc: The Honorable Kezia O.L. Taylor
United States Magistrate Judge